13004

FOWLES, RECEIVER, v. BROAD RIVER POWER CO. *ET AL.*

(155 S. E., 270)

April, 1930.

*Messrs. Elliott, McLain, Wardlaw & Elliott,* for appellants,

*Messrs. Thomas & Lumpkin* and *Claude N. Sapp,* for respondent,

October 17, 1930.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The defendants in this case moved to strike out certain portions of the complaint and to make the complaint more definite and certain. The matter was heard by his Honor, Judge Townsend, who passed an order, which will be reported, refusing the motions.

The one exception is as follows:

"His Honor erred in refusing defendants' motion to require the plaintiff to state separately the various alleged

causes of action which are jumbled together in one cause of action, the error being that more than one cause of action is stated in the complaint and said motion should have been granted."

The appellants' contention is that the complaint jumbles a cause of action on contract with one in tort—that "the defendants are being sued for breach of the alleged contract to indemnify plaintiff for losses sustained through its (transit company's) bus operations, and for actual and punitive damages alleged to have resulted from false representations willfully made by defendants whereby plaintiff (transit company) was induced to go into the bus business." According to the argument of appellants' counsel, the purpose of the motion was to have the causes of action, if more than one, stated separately, in order that the defendants, if it were so desired, might require the plaintiff to elect on which cause he would proceed. The respondent did not appeal from the holding of the Circuit Judge that a cause of action on contract only was stated, and is, therefore, bound by this construction of the complaint. Indeed, counsel for respondent concede that any action based on tort is eliminated by the finding below, and that in fact if Judge Townsend had held that two causes of action were stated and plaintiff had been put to his election, he would have elected contract as the basis of his action. The nature of the suit having been thus fixed by the order of the Court, the respondent on trial of the case will be limited to action on contract.

The order appealed from is affirmed.

MESSRS. JUSTICES BLEASE and CARTER concur.

MR. JUSTICE COTHRAN (concurring) : I concur in result. I think that the defendants were entitled to an order requiring separate statements of the causes of action and later to an order requiring the plaintiff to elect. The construction placed upon the order of Judge Townsend in the opinion of Mr. Justice Stabler gives the defendants all that they could pos-

sibly obtain if they had succeeded in both motions. I think that they are entitled to the costs of appeal.